### COMMONWEALTH *vs.* JOHN H. BEAN.

An indictment upon Rev. Sts. *c.* 126, § 42, for malicious destruction of glass, must aver the glass to be part of a building. An allegation that it was *in* a certain building is not sufficient.

THE defendant was indicted upon the Rev. Sts. *c.* 126, § 42, which enacts that every person who shall " maliciously or wantonly break the glass or any part of it, in any building not his own, or shall maliciously break down, injure, mar, or deface any fence belonging to or inclosing lands not his own, or shall maliciously throw down or open any gate, bars, or fence, and leave the same down or open, or shall maliciously and injuriously sever from the freehold of another any produce thereof, or any thing attached thereto, shall be punished by imprisonment in the county jail, not more than one year, or by fine not exceeding one hundred dollars." The indictment averred that the defendant, " with force and arms, wilfully, maliciously, wantonly, and without cause, did break and destroy the glass, to wit, two panes of glass of the value of ten cents each, in a certain building there situate, not his own, but which building then and there belonged to and was the property of one Dorcas B. Prentice, &c."

After a verdict of guilty, the defendant moved in arrest of judgment, because the indictment did not allege that the glass broken was a part of the building, but only that it was in a building not his own.

*B. F. Butler*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.

METCALF, J. It is admitted by the counsel for the commonwealth, that the section of the statute, on which this indictment is framed, was intended to punish the malicious and wanton breaking of glass which is part of a building. And it is argued by him, that the words used in the indictment, being the same as those in the statute, must be held to have the same meaning. But this does not necessarily follow. The meaning of words in a statute may be, and not unfrequently must be, ascertained by examination of the context.

In the present case, it is from the context that the words "glass in a building" are understood, on all hands, to mean glass which is part of a building. But the court, in ascertaining the offence with which the defendant is charged, cannot look beyond the words of the indictment itself. If those words do not sufficiently charge the offence which the statute was meant to punish, the indictment is fatally defective. 2 Hawk. *c.* 25, § 111; *Commonwealth* v. *Slack,* 19 Pick. 304; *Commonwealth* v. *Clifford,* 8 Cush. 215; *Commonwealth* v. *Stout,* 7 B. Monr. 247. We are, therefore, of opinion that the indictment in this case will not sustain a judgment against the defendant. For aught that the indictment shows, the glass, which he is charged with having maliciously and wantonly broken, may have been panes of glass which were not a part of any building.    *Judgment arrested.** 

---

* A similar decision was made in Middlesex, October term, 1854. *Commonwealth* v. *Benjamin F. Lindsay.* A complaint, made before a justice of the peace, by Joseph Shattuck, alleged that the defendant, at a time and place named in the complaint, "a certain quantity of window glass, in a building not his own, but attached to the realty of said Shattuck, of the value of five dollars, of the property of the said Shattuck, did then and there wilfully and wantonly break and destroy by throwing stones at the same." Upon this complaint the defendant was tried and convicted in the court of common pleas, and brought the case to this court by bill of exceptions. And in this court, upon the motion of the defendant, judgment was arrested.

*J. M. Randall,* for the defendant.

*J. H. Clifford,* (attorney-general,) for the commonwealth.